**IN THE UNITED STATES DISTRICT COURT**
**SOUTHERN DISTRICT OF FLORIDA**

**Case No. 0:11-cv-61289/XXXX USMJ _____**

| | |
|---|---|
| CHRISTOPHER KERTESZ, individually and on behalf of a class of similarly situated individuals, | ) ) ) |
| *Plaintiff*, | ) ) |
| v. | ) ) |
| RICK'S CABARET INTERNATIONAL, INC., a Texas corporation, | ) ) ) |
| *Defendant*. | ) ) |

**Jury Trial Demanded**

## CLASS ACTION COMPLAINT

Plaintiff Christopher Kertesz brings this class action complaint against Defendant Rick's Cabaret International, Inc. ("Defendant" or "Rick's") to stop Defendant's practice of making text message calls to cellular telephones in excess of the limits agreed to by Plaintiff and other consumers, and to obtain redress for all persons injured by Defendant's conduct. Plaintiff, for his class action complaint, alleges as follows upon personal knowledge to himself and his own acts and experiences, and, as to all other matters, upon information and belief, including investigation conducted by his attorneys.

## NATURE OF THE ACTION

1.      Wireless spam is a growing problem in the United States. According to a recent study conducted by the Pew Research Center, "Spam isn't just for email anymore; it comes in the form of unwanted text messages of all kinds – from coupons to phishing schemes – sent directly to user's cell phones." In fact, "57% of adults with cell phones have received unwanted or spam text messages on their phone." Amanda Lenhart, *Cell Phones and American Adults;*

*They Make Just as Many Calls, but Text Less than Teens*, Pew Research Center (2010) at

http://pewinternet.org/Reports/2010/Cell-Phones-and-American-Adults.aspx.

2.      In an effort to promote its network of adult entertainment nightclubs, Defendant

Rick's encourages individuals to sign up for "text message" notifications through its website,

which purportedly provide notice of events and "other items of interest" to consumers by making

text message calls directly to consumers' cell phones.

3.      As part of its agreement with consumers who sign up for text message

notifications, Defendant expressly represents that it will make a limited number of text message

calls per month to a single consumer.  Despite this representation, Defendant has intentionally

and systematically transmitted text messages to individual consumers which exceeded the

monthly limit, often making more than 20 messages in a single month.

4.      By exceeding the authorized limits on monthly text messages made to Plaintiff

and the Class, Defendant has caused consumers actual harm.  In order to redress these injuries,

Plaintiff, on his own behalf and on behalf of a class of similarly situated individuals, brings this

suit under the Telephone Consumer Protection Act, 47 U.S.C. § 227, *et seq.* ("TCPA"), which

prohibits unauthorized voice and text calls to cell phones.

5.      On behalf of the class, Plaintiff seeks an injunction requiring Defendants to cease

making unauthorized text messages in excess of the limits imposed by Defendant's terms and

conditions; an award of statutory damages to the class members; and actual, incidental, and

consequential damages to the class members, together with costs and reasonable attorneys' fees.

## PARTIES

6.      Plaintiff Kertesz is a natural person and citizen of the State of Florida.

7.     Defendant Rick's Cabaret International, Inc. is a corporation incorporated and existing under the laws of the State of Texas with its principal place of business located in Houston, Texas.  Rick's is the owner and operator of numerous adult entertainment nightclubs around the United States, including clubs under the names Rick's Cabaret, Rick's Jaguars, Club Onyx, Tootsie's Cabaret, and XTC Cabaret.

## JURISDICTION AND VENUE

8.     This Court has original jurisdiction over this action pursuant to the Class Action Fairness Act of 2005, 28 U.S.C. § 1332(d), because (a) at least one member of the putative class is a citizen of a state different from any Defendant, (b) the amount in controversy exceeds $5,000,000, exclusive of interest and costs, and (c) none of the exceptions under that subsection apply to the instant action.

9.     Venue is proper in this district under 28 U.S.C. 1391(b)(2) because a substantial part of the events giving rise to the claims asserted herein occurred in this district.

## CONDUCT COMPLAINED OF

10.     In recent years, companies such as Defendant have increasingly used "Short Message Service" alerts to distribute bulk advertisements directly to consumers' cellular telephones.  The term "Short Message Service" or "SMS" describes a messaging system that allows cellular telephone subscribers to use their cellular telephones to send and receive short text messages, usually limited to 160 characters.

11.     An "SMS message" is a text message call directed to a wireless device through the use of the telephone number assigned to the device.  When an SMS message call is successfully made, the recipient's cell phone rings, alerting him or her that a call is being received.

12.     Unlike more conventional advertisements, an SMS message actually costs its recipients money because cell phone users must frequently pay their respective wireless service providers either for each text message call they receive or for a text plan that includes a specified amount or number of messages, whether or not the message is authorized.

13.     Beginning in or about 2010 and continuing through the present, Defendant has solicited individuals to sign up to receive promotional SMS text message alerts related to its nightclubs.  Defendant maintains dedicated web pages on its primary website, as well as on the websites of individual nightclubs, that allow individuals to provide cell phone numbers and register for SMS text alerts.

14.     While consumers sign up to receive text message alerts from Rick's, the terms and conditions governing Defendant's delivery of SMS text messages expressly provide that Defendant will transmit no more than eight text message alerts to an individual consumer in a single month:

> **Limits**
> You may receive up to 8 alerts each month.

15.     On information and belief, Defendant and its agents systematically and intentionally ignore these limits and direct the mass transmission of substantially more than eight SMS text messages to individual consumers each month.  Pursuant to Defendant's own terms and conditions, each text message made after the transmission of eight text messages in a monthly period is unauthorized.

16.     For example, on or about May 12, 2011, Plaintiff signed up to receive text message alerts through Defendant's website Ricks.com.  In particular, Plaintiff indicated that he wished to receive SMS alerts from Tootsie's Cabaret Miami.

4

17.     On or about May 12, 2011, Plaintiff received the following message from Defendant:

> Rick's Cabaret: You will now receive Ricks news & announcements alerts, max 8/mo.  For help. Txt HELP. To stop, Txt STOP Msg&data rates may apply.

18.     From May 12, 2011 through May 31, 2011, Plaintiff received at least fifteen (15) text messages containing promotional advertisements from Tootsie's Cabaret Miami, a club owned and operated by Defendant, in willful violation of Defendant's express limitation of eight text message alerts in a single month.

19.     The "from" field of each such transmission was identified cryptically as "78747," which is an abbreviated telephone number known as an SMS short code licensed and operated by Defendant and/or Defendant's agents.

20.     Defendant's and/or its agents' use of an SMS short code enabled Defendant's mass transmission of these unauthorized text message calls to a list of cellular telephone numbers.

21.     At no time did Plaintiff consent to the receipt of more than eight wireless text messages from Defendant in a single month.

## CLASS ALLEGATIONS

22.     Plaintiff Christopher Kertesz brings this action pursuant to Fed. R. Civ. P. 23(b)(2) and (3) on behalf of himself and a Class of similarly situated individuals, defined as follows:

> All individuals who signed up to receive SMS text message alerts from Defendant pursuant to Defendant's written terms and conditions expressly stating that a limited number of text messages will be made by Defendant within a monthly period and who received text messages from Defendant within a monthly period which exceeded the limit.

5

Excluded from the Class are 1) Defendant, Defendant's agents, subsidiaries, parents, successors, predecessors, and any entity in which the Defendant or their parents have a controlling interest and their current and former employees, officers, and directors, 2) the Judge or Magistrate Judge to whom this case is assigned and the Judge's or Magistrate Judge's immediate family, 3) persons who execute and file a timely request for exclusion, and 4) the legal representatives, successors, or assigns of any such excluded person.

23.     Upon information and belief, there are thousands of members of the Class such that joinder of all members is impracticable.

24.     Common questions of law and fact exist as to all members of the Class and such questions predominate over any questions affecting Plaintiff or individual members.  Common questions for the Class include but are not limited to:

       (a)     whether Defendant's conduct violated the TCPA;

       (b)     whether Class members are entitled to treble damages based on the willfulness of Defendant's conduct;

       (c)     whether Defendant's conduct of transmitting more than eight SMS messages in a monthly period to Plaintiff and the Class constitutes a breach of contract.

25.     Plaintiff will fairly and adequately protect the interests of the other members of the Class, his claims are typical of the other members of the Class, and he has retained counsel competent and experienced in similar class action litigation.  Neither Plaintiff nor his counsel have any interest adverse to those of the other members of the Class.

6

26.     A class action is superior to other available methods for fairly and efficiently adjudicating this controversy because, among other things, (a) joinder of all members of the Class is impracticable, and (2) many members of the Class cannot vindicate their rights by individual suits because their damages are small relative to the burden and expense of litigating individual actions.

**COUNT I**
**Violation of the TCPA, 47 U.S.C. § 227;**
**(On behalf of Plaintiff and the Class)**

27.     Plaintiff incorporates by reference the foregoing allegations as if fully set forth herein.

28.     Defendant made unsolicited commercial text calls to a list of wireless telephone numbers belonging to Plaintiff and other members of the Class using equipment that had the capacity to store or produce telephone numbers to be called using a random or sequential number generator, and to dial such numbers.

29.     These text calls were made *en masse* and without the prior express consent of the Plaintiff and the other members of the Class to receive such unauthorized text message calls.

30.     Defendant has, therefore, violated the TCPA, 47 U.S.C. § 227(b)(1)(A)(iii).  As a result of Defendant's illegal conduct, Plaintiff and members of the Class have suffered actual damages and, under section 227(b)(3)(B), are entitled to, *inter alia*, a minimum of $500.00 in damages for each such violation of the TCPA.

31.     Should the Court determine that Defendant's misconduct was willful and knowing, the Court may, pursuant to section 227(b)(3)(C), treble the amount of statutory damages recoverable by Plaintiff and the other members of the Class.

**COUNT II**

**Breach of Contract**
**(On behalf of Plaintiff and the Class)**

32.     Plaintiff incorporates by reference paragraphs 1 through 26 above as if fully set forth herein.

33.     In order to receive text message notifications from Defendant, Plaintiff and Class Members must assent to the terms and conditions governing Defendant's text message notifications.

34.     The terms and conditions governing Defendant's text message notifications provide, under the heading "Limits," that "You may receive up to 8 alerts each month."

35.     By signing up for Defendant's text message notifications and providing their phone numbers, Plaintiff and the Class entered into a contract with Defendant, the terms of which are provided in Defendant's terms and conditions.

36.     Defendant has intentionally and systematically made in excess of eight (8) monthly SMS text messages to Plaintiff and the Class.

37.     Defendant's failure to abide by the limits on monthly SMS text notifications constitutes a material breach of the terms and conditions governing Defendant's text message notifications.

38.     As a result of this conduct, Plaintiff and the members of the Class have suffered damages in an amount to be proven at trial.

**PRAYER FOR RELIEF**

WHEREFORE, Plaintiff Christopher Kertesz, individually and on behalf of the Class, prays for the following relief:

1.     An order certifying the Class as defined above; appointing Plaintiff

Kertesz as the representative of the Class; and appointing his counsel as

class counsel;

2.      An award of actual and statutory damages;

3.      An injunction requiring Defendant to cease all wireless spam activities,

and otherwise protecting the interests of the Class;

4.      An award of reasonable attorneys' fees and costs; and

5.      Such further and other relief the Court deems reasonable and just.

## JURY DEMAND

Plaintiff requests trial by jury of all claims that can be so tried.

Respectfully submitted,

Dated:  June 7, 2011                    CHRISTOPHER KERTESZ, individually and on
                                        behalf of all others similarly situated,

                            By:_____
                                One of Mr. Kertesz's Attorneys

Steven W. Teppler
Florida Bar Number 14787
steppler@edelson.com
EDELSON MCGUIRE LLC
5715 Firestone Court
Sarasota, FL 34238
Telephone: (941) 487-0050
Facsimile: (312) 572-7210

Jay Edelson
jedelson@edelson.com
Rafey Balabanian
rbalabanian@edelson.com
Bradley Baglien
bbaglien@edelson.com
EDELSON MCGUIRE LLC
350 North LaSalle Street, Suite 1300
Chicago, Illinois 60604
Telephone: (312) 589-6370
Facsimile: (312) 589-6378

9