# EXHIBIT A

UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF FLORIDA
Case No. 11-cv-61289-JIC

| | |
|---|---|
| CHRISTOPHER KERTESZ, individually and on behalf of a class of similarly situated individuals,<br><br>      Plaintiff,<br><br>      v.<br><br>RICK's CABARET INTERNATIONAL, INC., A Texas Corporation, and RCI INTERNET SERVICES, INC., a Texas Corporation.<br><br>      Defendants. | Case No. 11-cv-61289-JIC<br><br>The Honorable James I. Cohn |

**FIRST AMENDED CLASS ACTION COMPLAINT**

Plaintiff Christopher Kertesz brings this class action complaint against Defendants Rick's Cabaret International, Inc. ("Rick's") and RCI Internet Services, Inc. ("RCI") (collectively, "Defendants") to stop Defendants' practice of making text message calls to cellular telephones in excess of the limits agreed to by Plaintiff and other consumers, and to obtain redress for all persons injured by Defendants' conduct. Plaintiff, for his class action complaint, alleges as follows upon personal knowledge to himself and his own acts and experiences, and, as to all other matters, upon information and belief, including investigation conducted by his attorneys.

**NATURE OF THE ACTION**

1.      Wireless spam is a growing problem in the United States. According to a recent study conducted by the Pew Research Center, "Spam isn't just for email anymore; it comes in the form of unwanted text messages of all kinds—from coupons to phishing schemes—sent directly to user's cell phones." In fact, "57% of adults with cell phones have received unwanted

or spam text messages on their phone." Amanda Lenhart, *Cell Phones and American Adults; They Make Just as Many Calls, but Text Less than Teens*, Pew Research Center (2010) at http://pewinternet.org/Reports/2010/Cell-Phones-and-American-Adults.aspx.

2. In an effort to promote its network of adult entertainment nightclubs, Defendant Rick's encourages individuals to sign up for "text message" notifications through its website, which purportedly provide notice of events and "other items of interest" to consumers by making text message calls directly to consumers' cell phones.

3. As part of their agreement with consumers who sign up for text message notifications, Defendants expressly represents that they will make a limited number of text message calls per month to a single consumer. Despite this representation, Defendants have intentionally and systematically transmitted text messages to individual consumers which exceeded the monthly limit, often making more than twenty (20) text message calls in a single month.

4. By exceeding the authorized limits on monthly text messages made to Plaintiff and the Class, Defendants have caused consumers actual harm. In order to redress these injuries, Plaintiff, on his own behalf and on behalf of a class of similarly situated individuals, brings this suit under the Telephone Consumer Protection Act, 47 U.S.C. § 227, *et seq.* ("TCPA"), which prohibits unauthorized voice and text calls to cell phones.

5. On behalf of the class, Plaintiff seeks an injunction requiring Defendants to cease making unauthorized text message calls in excess of the limits imposed by Defendants' terms and conditions; an award of statutory damages to the class members; and actual, incidental, and consequential damages to the class members, together with costs and reasonable attorneys' fees.

**PARTIES**

6. Plaintiff Kertesz is a natural person and domiciled in the State of Florida.

7. Defendant Rick's Cabaret International, Inc. is a corporation incorporated and existing under the laws of the State of Texas with its principal place of business located in Houston, Texas. Rick's is the owner and operator of numerous adult entertainment nightclubs around the United States, including clubs under the names Rick's Cabaret, Rick's Jaguars, Club Onyx, Tootsie's Cabaret, and XTC Cabaret.

8. Defendant RCI Internet Services, Inc. is a corporation incorporated and existing under the laws of the State of Texas with its principal place of business located in Houston, Texas. On information and belief, RCI Internet Services is a wholly owned subsidiary of Defendant Rick's Cabaret International, Inc.

**JURISDICTION AND VENUE**

9. This Court has original jurisdiction over this action pursuant to the Class Action Fairness Act of 2005, 28 U.S.C. § 1332(d), because (a) at least one member of the putative class is a citizen of a state different from any Defendant, (b) the amount in controversy exceeds $5,000,000, exclusive of interest and costs, and (c) none of the exceptions under that subsection apply to the instant action.

10. Venue is proper in this district under 28 U.S.C. 1391(b)(2) because a substantial part of the events giving rise to the claims asserted herein occurred in this district.

**CONDUCT COMPLAINED OF**

11. In recent years, companies such as Defendants have increasingly used "Short Message Service" alerts to distribute bulk advertisements directly to consumers' cellular telephones. The term "Short Message Service" or "SMS" describes a messaging system that

allows cellular telephone subscribers to use their cellular telephones to send and receive short text messages, usually limited to 160 characters.

12. An "SMS message" is a text message call directed to a wireless device through the use of the telephone number assigned to the device. When an SMS message call is successfully made, the recipient's cell phone rings, alerting him or her that a call is being received.

13. Beginning in or about 2010 and continuing through the present, Defendant Rick's has solicited individuals to sign up to receive promotional SMS text message alerts related to its nightclubs. Rick's maintains dedicated web pages on its primary website, as well as on the websites of individual nightclubs, that allow individuals to provide cell phone numbers and register for SMS text alerts.

14. While consumers sign up to receive text message alerts from Rick's, the terms and conditions governing Defendants' delivery of SMS text messages expressly provide that Defendants will transmit no more than eight text message alerts to an individual consumer in a single month:

> **Limits**
> You may receive up to 8 alerts each month.

15. On information and belief, Defendants and their agents systematically and intentionally ignore these limits and direct the mass transmission of substantially more than eight SMS text messages to individual consumers each month in violation of their own terms and conditions. Pursuant to Defendants' own terms and conditions, each text message made after the transmission of eight text messages in a monthly period is unauthorized without the express consent of the recipients.

16.     For example, on or about May 12, 2011, Plaintiff signed up to receive text message alerts through Defendant Ricks's website Ricks.com.  In particular, Plaintiff indicated that he wished to receive SMS alerts from Tootsie's Cabaret Miami.

17.     On or about May 12, 2011, Plaintiff received the following message from Defendants:

> Rick's Cabaret: You will now receive Ricks news & announcements alerts, max 8/mo.  For help. Txt HELP. To stop, Txt STOP Msg&data rates may apply.

18.     From May 12, 2011 through May 31, 2011, Plaintiff received at least fifteen (15) text messages containing promotional advertisements from Tootsie's Cabaret Miami, a club owned and operated by Rick's, in willful violation of Defendants' express limitation of eight text message alerts in a single month.

19.     The "from" field of each such transmission was identified cryptically as "78747," which is an abbreviated telephone number known as an SMS short code licensed and operated by Defendants and/or Defendants' agents.

20.     Defendants' and/or its agents' use of an SMS short code enabled Defendants' mass transmission of these unauthorized text message calls to a list of cellular telephone numbers.

21.     At no time did Plaintiff consent to the receipt of more than eight text messages from Defendants in a single month.

## CLASS ALLEGATIONS

22.     Plaintiff Christopher Kertesz brings this action pursuant to Fed. R. Civ. P. 23(b)(2) and (3) on behalf of himself and a Class of similarly situated individuals, defined as follows:

5

>All individuals who signed up to receive SMS text message alerts from Defendants pursuant to Defendants' written terms and conditions expressly stating that a limited number of text messages will be made by Defendants within a monthly period and who received text messages from Defendants within a monthly period which exceeded the limit.

Excluded from the Class are 1) Defendants, Defendants' agents, subsidiaries, parents, successors, predecessors, and any entity in which the Defendants or their parents have a controlling interest and their current and former employees, officers, and directors, 2) the Judge or Magistrate Judge to whom this case is assigned and the Judge's or Magistrate Judge's immediate family, 3) persons who execute and file a timely request for exclusion, 4) the legal representatives, successors, or assigns of any such excluded person, and 5) persons whose claims against Defendants have been fully and finally adjudicated and/or released.

23. Upon information and belief, there are thousands of members of the Class such that joinder of all members is impracticable.

24. Common questions of law and fact exist as to all members of the Class and such questions predominate over any questions affecting Plaintiff or individual members. Common questions for the Class include but are not limited to:

>(a) whether Defendants' conduct violated the TCPA;
>
>(b) whether Class members are entitled to treble damages based on the willfulness of Defendants' conduct;
>
>(c) whether Defendants' conduct of transmitting more than eight SMS messages in a monthly period to Plaintiff and the Class constitutes a breach of contract.

25. Plaintiff will fairly and adequately protect the interests of the other members of the Class, his claims are typical of the other members of the Class, and he has retained counsel

competent and experienced in similar class action litigation. Neither Plaintiff nor his counsel have any interest adverse to those of the other members of the Class.

26. A class action is superior to other available methods for fairly and efficiently adjudicating this controversy because, among other things, (a) joinder of all members of the Class is impracticable, and (2) many members of the Class cannot vindicate their rights by individual suits because their damages are small relative to the burden and expense of litigating individual actions.

## COUNT I
### Violation of the TCPA, 47 U.S.C. § 227;
### (On behalf of Plaintiff and the Class)

27. Plaintiff incorporates by reference the foregoing allegations as if fully set forth herein.

28. Defendants made unsolicited commercial text calls to a list of wireless telephone numbers belonging to Plaintiff and other members of the Class using equipment that had the capacity to store or produce telephone numbers to be called using a random or sequential number generator, and to dial such numbers.

29. These text calls were made *en masse* and without the prior express consent of the Plaintiff and the other members of the Class to receive such unauthorized text message calls.

30. Defendants have, therefore, violated the TCPA, 47 U.S.C. § 227(b)(1)(A)(iii). As a result of Defendants' illegal conduct, Plaintiff and members of the Class have suffered actual damages and, under section 227(b)(3)(B), are entitled to, *inter alia,* a minimum of $500.00 in damages for each such violation of the TCPA.

31. Should the Court determine that Defendants' misconduct was willful and knowing, the Court may, pursuant to section 227(b)(3)(C), treble the amount of statutory damages recoverable by Plaintiff and the other members of the Class.

## COUNT II
### Breach of Contract
**(On behalf of Plaintiff and the Class)**

32. Plaintiff incorporates by reference paragraphs 1 through 26 above as if fully set forth herein.

33. In order to receive text message notifications from Defendants, Plaintiff and Class Members must assent to the terms and conditions governing Defendants' text message notifications.

34. The terms and conditions governing Defendants' text message notifications provide, under the heading "Limits," that "You may receive up to 8 alerts each month."

35. By signing up for Defendants' text message notifications and providing their phone numbers, Plaintiff and the Class entered into a contract with Defendants, the terms of which are provided in Defendants' terms and conditions.

36. Defendants have intentionally and systematically made in excess of eight (8) monthly SMS text messages to Plaintiff and the Class.

37. Defendants' failure to abide by the limits on monthly SMS text notifications constitutes a material breach of the terms and conditions governing Defendants' text message notifications.

38. As a result of this conduct, Plaintiff and the members of the Class have suffered damages in an amount to be proven at trial.

## PRAYER FOR RELIEF

WHEREFORE, Plaintiff Christopher Kertesz, individually and on behalf of the Class, prays for the following relief:

1. An order certifying the Class as defined above; appointing Plaintiff Kertesz as the representative of the Class; and appointing his counsel as class counsel;

2. An award of actual and statutory damages;

3. An injunction requiring Defendants to cease all wireless spam activities, and otherwise protecting the interests of the Class;

4. An award of reasonable attorneys' fees and costs; and

5. Such further and other relief the Court deems reasonable and just.

## JURY DEMAND

Plaintiff requests trial by jury of all claims that can be so tried.

Respectfully submitted,

Dated:  September 14, 2011

By:____/s/ Steven Teppler_____

One of Plaintiff's Attorneys

Steven Teppler
EDELSON MCGUIRE LLC
5715 Firestone Court
Sarasota, FL 34238

9

Telephone: (941) 487-0050

Jay Edelson
Rafey Balabanian
Bradley Baglien
EDELSON MCGUIRE LLC
350 N. LaSalle St.
Suite 1300
Chicago, Illinois 60604
Telephone: (312) 589-6380