UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF FLORIDA

Case No. 11-cv-61289-RNS

CHRISTOPHER KERTESZ, individually
and on behalf of a class of similarly
situated individuals,

      Plaintiff,

v.

RICK'S CABARET INT'L, INC., et al.

      Defendants.
_____ /

### PRELIMINARY CLASS SETTLEMENT APPROVAL ORDER

THIS MATTER is before the Court on the Motion for Preliminary Approval of Class Settlement [ECF No. 30], filed by Plaintiff Christopher Kertesz.

This is a putative class action case, which is captioned as *Kertesz v. Rick's Cabaret International, Inc., et al.*, Case No: 11-cv-61289-RNS (the "Action"). Plaintiff and Defendants Rick's Cabaret International, Inc. ("RCI") and RCI Internet Services, Inc. ("RCI Internet") (hereinafter and collectively "Defendants") have entered into a Class Action Settlement Agreement dated March 8, 2012, which, together with the exhibits attached thereto sets forth the terms and conditions for a proposed settlement and dismissal of the Action with prejudice as to Defendants upon the terms and conditions set forth therein (the "Settlement Agreement"). The Court has carefully reviewed and considered the Settlement Agreement and exhibits attached thereto. The Court also held a hearing concerning this Motion and the Settlement Agreement on April 19, 2012. Upon careful consideration and as more fully detailed below, the Court finds that the Settlement Agreement should be given preliminary approval.

Accordingly, it is hereby **ORDERED and ADJUDGED** as follows:

1.     Terms and phrases in this Order shall have the same meaning as ascribed to them in the Settlement Agreement.

2.     The Plaintiff has moved the Court for an order approving the settlement of the Action in accordance with the Settlement Agreement, which, together with the documents

1

incorporated therein, sets forth the terms and conditions for a proposed settlement and dismissal of the Action with prejudice, and the Court having read and considered the Settlement Agreement and having heard the parties and being fully advised in the premises, hereby preliminarily approves the Settlement Agreement in its entirety subject to the Final Approval Hearing referred to in paragraph 17 of this Order.

3.  The Court finds that, subject to the Final Approval Hearing, the Settlement Agreement is fair, reasonable, adequate, and in the best interests of the class set forth below. The Court further finds that the Settlement Agreement substantially fulfills the purposes and objectives of the class action device, and provides substantial relief to the class without the risks, burdens, costs, or delay associated with continued litigation, trial, and/or appeal. The Court also finds that the Settlement Agreement: (a) is the result of arms' length negotiations between experienced class action attorneys assisted by mediator Rodney A. Max of the mediation firm Upchurch Watson White & Max; (b) is sufficient to warrant notice of the settlement and the Final Approval Hearing to the Settlement Class; (c) meets all applicable requirements of law, including Federal Rule of Civil Procedure 23, and the Class Action Fairness Act ("CAFA"), 28 U.S.C. § 1715; and (d) is not a finding or admission of liability by the Defendants or any other parties.

### Settlement Class Certification

4.  For purposes of settlement only: (a) Jay Edelson, Rafey S. Balabanian and Bradley M. Baglien of Edelson McGuire LLC are appointed Class Counsel for the Settlement Class, and (b) Christopher Kertesz is the named Class Representative. The Court finds that these attorneys are competent and capable of exercising the responsibilities of Class Counsel and that the Class Representative will adequately protect the interests of the class defined below.

5.  For purposes of settlement only, the Court certifies the following class as defined in the Settlement Agreement:

> All individuals in the United States and its territories who signed up online to receive SMS text message alerts from Defendants pursuant to Defendants' written terms and conditions expressly stating that a limited number of text messages will be made by Defendants within a monthly period and who received text messages from Defendants within a monthly period which exceeded the limit.

6. The Court finds, subject to the Final Approval Hearing referred to in paragraph 17 below, that the Settlement Agreement is fundamentally fair, adequate, and reasonable, and solely within the context of and for purposes of settlement only, that the Settlement Class satisfies the requirements of Rule 23 of the Federal Rules of Civil Procedure, specifically, that: the Settlement Class is so numerous that joinder of all members is impracticable; there are questions of law and fact common to the Settlement Class; the claims of the Class Representative are typical of the claims of the Settlement Class; the Class Representative will fairly and adequately protect the interests of the Settlement Class; common questions of law or fact predominate over questions affecting individuals members; and a class action is a superior method for fairly and efficiently adjudicating the Action.

7. Should the Settlement Agreement not receive the Court's final approval, should final approval be reversed on appeal, or should the Settlement Agreement otherwise fail to become effective, the Court's grant of class certification shall be vacated, and the Class Representative and the Settlement Class would once again bear the burden of establishing the propriety of class certification. In such case, neither the certification of the Settlement Class for settlement purposes, nor any other act relating to the negotiation or execution of the Settlement Agreement shall be considered as a factor in connection with any class certification issue(s).

## Notice and Administration

8. The Court approves, as to form, content and distribution, the Notice Plan and all forms of Notice to the Settlement Class as set forth in the Settlement Agreement and Exhibits A, B-1, and B-2 thereto, and finds that such Notice is the best notice practicable under the circumstances, and that the Notice complies fully with the requirements of the Federal Rules of Civil Procedure. The Court also finds that the Notice constitutes valid, due and sufficient notice to all persons entitled thereto, and meets the requirements of Due Process. The Court further finds that the Notice is reasonably calculated to, under all circumstances, reasonably apprise the members of the Settlement Class of the pendency of this Action, the terms of the Settlement Agreement, and the right to object to the settlement and to exclude themselves from the Settlement Class. In addition, the Court finds that no notice other than that specifically identified in the Settlement Agreement is necessary in this Action. The parties, by agreement, may revise the Notice in ways that are not material, or in ways that are appropriate to update those documents for purposes of accuracy or formatting for publication.

9. The Court approves the request for the appointment of Rust Consulting, Inc. as Settlement Administrator in accordance with the provisions of Subparagraphs 5.1 through 5.4 of the Settlement Agreement.

10. Pursuant to Paragraph 4.4 of the Settlement Agreement, Defendants, with the oversight of the Settlement Administrator, are directed to publish the Notice and Claim Form on the Settlement Website within thirty (30) days following the entry of this Order. Further, Defendants, with the oversight of the Settlement Administrator, shall send the Text Message Notice provided for in Paragraph 4.2 of the Settlement Agreement to each unique cellular phone number that was registered online to receive SMS text message alerts from or on behalf of Defendants or Clubs owned and/or operated by subsidiaries of Rick's Cabaret International within thirty (30) days of the entry of this Order. Defendants, with the oversight of the Settlement Administrator, shall also distribute the Notice by electronic mail as provided for in Paragraph 4.3 of the Settlement Agreement within thirty (30) days of the entry of this Order. Defendants, with the oversight of the Settlement Administrator, shall also maintain the Settlement Website to provide full information about the Settlement.

## Exclusion

11. **Members of the Settlement Class who wish to exclude themselves from the Settlement Class may do so if, on or before the day sixty (60) days following the date Notice is first disseminated (the "Objection/Exclusion Deadline"), they comply with the exclusion procedures set forth in the Notice and Paragraph 4.7 of the Settlement Agreement.** Any members of the Settlement Class so excluded shall neither be bound by the terms of the Settlement Agreement nor entitled to any of its benefits.

12. A Settlement Class member may request exclusion from the Class up through and included the Objection/Exclusion Deadline. To request exclusion, the Class member must complete, sign, and mail to Defendants a request for exclusion. The request must be signed by the Class member under penalty of perjury. The request must be postmarked on or before the Objection/Exclusion Deadline. So called "mass" or "class" opt-outs shall not be allowed.

13. Settlement Class members who exclude themselves from the Settlement Agreement will relinquish their rights to benefits under the Settlement Agreement and will not release their Claims. However, Settlement Class members who fail to submit a valid and timely

4

request for exclusion shall be bound by all terms of the Settlement Agreement and the Final Judgment, regardless of whether they have requested exclusion from the Settlement Agreement.

## Objections

14. Any member of the Settlement Class who has not timely filed a request for exclusion may object to the fairness, reasonableness, or adequacy of the Settlement Agreement or to a Final Judgment being entered dismissing the Action with prejudice in accordance with the terms of the Settlement Agreement, or to the attorneys' fees and expense reimbursement sought by Class Counsel in the amounts specified in the Notice and Settlement Agreement, or to the award to the Class Representative as set forth in the Notice and Settlement Agreement. Settlement Class members may object on their own, or may do so through separate counsel at their own expense.

15. **To object, Settlement Class members must sign and file a written objection on or before the Objection/Exclusion Deadline. To be valid, the objection must set forth his/her full name, current address, telephone number, and state that he or she is a member of the Settlement Class. In addition, any objection must provide all arguments, citations, and evidence supporting the objection (including copies of any documents relied on) and include a statement whether the objector intends to appear at the Final Approval Hearing with or without counsel.** Settlement Class members who fail to file and serve timely written objections in substantial compliance with the requirements of this paragraph and the Settlement Agreement shall be deemed to have waived any objections and shall be foreclosed from making any objections (whether by appeal or otherwise) to the Settlement Agreement or to any of the subjects listed in paragraph 17 below.

16. **To be valid, objections must be filed with the Court by the Objection/Exclusion Deadline and sent to Rafey S. Balabanian, Edelson McGuire LLC, 350 North LaSalle, Suite 1300, Chicago, Illinois 60654, one of the attorneys for the Settlement Class, and Luke Lirot, Law Offices of Luke Lirot, 2240 Belleair Road, Suite 190, Clearwater, Florida 33764, one of the attorneys for Defendants.**

## Fairness Hearing

17. **The Final Approval Hearing shall be held before this Court on August 21, 2012 at 9:30 a.m. EST, in Courtroom 12-3 of the Wilkie D. Ferguson, Jr. United States Courthouse, 400 North Miami Avenue, Miami, Florida 33128**, to determine

(a) whether the proposed settlement of the Action on the terms and conditions provided for in the Settlement Agreement is fair, reasonable and adequate and should be given final approval by the Court; (b) whether a judgment and order of dismissal with prejudice should be entered; (c) whether to approve the payment of attorneys' fees and expenses to Class Counsel; and (d) whether to approve the payment of an incentive award to the Class Representative. The Court may adjourn the Fairness Hearing without further notice to the Settlement Class members.

18.    Papers in support of final approval of the Settlement Agreement, the Incentive Award, and the Fee Award, shall be filed with the Court on or before August 7, 2012.

### Further Matters

19.    All further proceedings in the Action are ordered stayed until the Final Judgment or termination of the Settlement Agreement, whichever occurs earlier, except for those matters necessary to obtain and/or effectuate final approval of the Settlement Agreement. Therefore, the Clerk is directed to **ADMINISTRATIVELY CLOSE** this case, pending the Court's final approval of the class settlement.

20.    Members of the Settlement Class shall be bound by all determinations and judgments in the Action concerning the Action and/or Settlement Agreement, whether favorable or unfavorable.

21.    If the Settlement Agreement is not approved by the Court in complete accordance with its terms, each party will have the option of having the Action revert to its status as if the Settlement Agreement had not been negotiated, made, or filed with the Court. In such event, the parties will retain all rights as if the Settlement Agreement was never agreed upon. In the event that the Settlement Agreement is terminated pursuant to the provisions of the Settlement Agreement or for any valid reason whatsoever and the approval of it does not become Final then (i) the Settlement Agreement shall be null and void, including any provision related to the award of attorneys' fees, and shall have no further force and effect with respect to any party to this Action, and shall not be used in this Action or in any other proceeding for any purpose; (ii) all negotiations, proceedings, documents prepared, and statements made in connection therewith shall be without prejudice to any person or party hereto, shall not be deemed or construed to be an admission by any party of any act, matter, or proposition, and shall not be used in any manner or for any purpose in any subsequent proceeding in this Action or in any other action in any court or other proceeding, provided, however, that the termination of the Settlement Agreement shall

not shield from subsequent discovery any factual information provided in connection with the negotiation of this Settlement Agreement that would ordinarily be discoverable but for the attempted Settlement; (iii) other than as expressly preserved by the Settlement Agreement in the event of its termination, the Settlement Agreement shall have no further force and effect with respect to any party and shall not be used in the Action or any other proceeding for any purpose; and (iv) any party may elect to move the Court pursuant to the provisions of this paragraph, and none of the non-moving parties (or their counsel) shall oppose any such motion.

**DONE and ORDERED** in chambers at Miami, Florida on April 19, 2012.

_____
**ROBERT N. SCOLA, JR.**
**UNITED STATES DISTRICT JUDGE**

*Copies to:*
Counsel of record
U.S. Mag. Judge Rosenbaum