UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF FLORIDA

| | |
|---|---|
| CHRISTOPHER KERTESZ, individually and on behalf of a class of similarly situated individuals,<br><br>  *Plaintiff,*<br><br>    v.<br><br>RICK'S CABARET INTERNATIONAL, INC., A Texas corporation, and RCI INTERNET SERVICES, INC., A Texas corporation.<br><br>  *Defendants.* | Case No. 11-cv-61289-RNS<br><br>Honorable Robert N. Scola, Jr. |

**ORDER GRANTING MOTION FOR FINAL APPROVAL OF CLASS SETTLEMENT; AND ORDER OF FINAL JUDGMENT AND DISMISSAL WITH PREJUDICE**

This matter came before the Court for the Final Approval Hearing set by the Court, as well as Plaintiff's Motion for Final Approval of Class Action Settlement and Award of Attorneys' Fees, Expenses, and Incentive Award (Dkt. 37-1). The Court, having reviewed the papers filed in support of the motion, heard argument of counsel, and good cause appearing therein, Plaintiff's Motion is hereby GRANTED and it is hereby ORDERED, ADJUDGED, and DECREED THAT:

  1.  Terms and phrases in this Order shall have the same meaning as ascribed to them in the Settlement Agreement.

  2.  This Court has jurisdiction over the subject matter of this action and over all Parties to the Action, including all Settlement Class Members.

  3.  On April 23, 2012, this Court granted Preliminary Approval of the Settlement Agreement and certified a Settlement Class consisting of:

>All individuals in the United States and its territories who signed up online to receive SMS text message alerts from Defendants pursuant to Defendants' written terms and conditions expressly stating that a limited number of text messages will be made by Defendants within a monthly period and who received text messages from Defendants within a monthly period which exceeded the stated limit.

4. Excluded from the Settlement Class are the following: 1) Defendants, Defendants' agents, subsidiaries, parents, successors, predecessors, and any entity in which the Defendants or their parents have a controlling interest and their current and former employees, officers, and directors, 2) the Judge or Magistrate Judge to whom this case is assigned and the Judge's or Magistrate Judge's immediate family, 3) the legal representatives, successors, or assigns of any such excluded person, and 4) persons whose claims against Defendants have been fully and finally adjudicated and/or released.

5. No persons have submitted requests for exclusion pursuant to the Preliminary Approval Order.

6. This Court now gives final approval to the settlement and finds that the Settlement Agreement is fair, reasonable, adequate, and in the best interests of the Settlement Class. Specifically, the complex legal and factual posture of this case and the fact that the Settlement Agreement is the result of arms'-length negotiations presided over by a neutral mediator support this finding. The Class Representative and Class Counsel adequately represented the Settlement Class for purposes of entering into and implementing the Settlement Agreement. Accordingly, the Settlement Agreement is hereby finally approved in all respects, and the Parties are hereby directed to perform its terms. The Settlement Agreement and every term and provision thereof shall be deemed incorporated herein as if explicitly set forth and shall have the full force of an Order of this Court.

7. The Court approved the Notice Plan to the Settlement Class, as set forth in the Preliminary Approval Order on April 23, 2012, as the best notice practicable under the circumstances, including direct notice via text message and e-mail, as well as website publication of the notice. The Notice Plan has been successfully implemented and satisfies the requirements of Federal Rule of Civil Procedure 23 and Due Process.

8. The Court finds that the Defendants properly and timely notified the appropriate state and federal officials of the Settlement Agreement, pursuant to the Class Action Fairness Act of 2005 ("CAFA"), 28 U.S.C. § 1715. The Court has reviewed the substance of Defendants' notice and accompanying materials and finds that they complied with all applicable requirements of CAFA.

9. Subject to the terms and conditions of the Settlement Agreement, this Court hereby dismisses the action on the merits and with prejudice.

10. Upon the Effective Date of this Settlement, Plaintiff and each and every Settlement Class Member, fully, finally, completely, and forever, release, acquit, and discharge each released Party from any and all Released Claims.

11. Upon the Effective Date, the above release of claims and the Settlement Agreement will be binding on and have *res judicata* and preclusive effect in all pending and future lawsuits or other proceedings maintained by or on behalf of Plaintiffs and all other Settlement Class Members, Releasing Parties, and their heirs, executors, administrators, successors, and assigns. All Settlement Class Members who have not been properly excluded from the Settlement Class are hereby permanently barred and enjoined from filing, commencing, prosecuting, intervening in, or participating (as class members or otherwise) in any lawsuit or other action in any jurisdiction based on or arising out of the Released Claims.

12. Pursuant to the terms of the Settlement Agreement, as soon as practicable, but in no event later than one (1) year after the Effective Date, Rick's agrees to the entry of an injunction as follows:

   a. For each Settlement Class Member who properly elects on a Claim Form to remove his or her cellular phone number from records maintained by RCI Internet, RCI Internet shall remove each such Settlement Class Member's phone number from any list or database of numbers to which text messages could be sent by or on behalf of Defendants or their subsidiaries.

   b. If at any time in the future Defendants decide to disseminate promotional SMS text messages to registered cellular phone numbers, Defendants shall implement safeguards to ensure that they comply with any express limitations on the number of text messages transmitted to an individual cellular phone number.

13. The Court approves the agreed-upon Fee Award to Class Counsel in the amount of $150,000.00, which the Court finds to be fair and reasonable. The Court finds this amount fair and reasonable based upon the accepted methods for determining the fairness and reasonableness of fee requests in the Eleventh Circuit. Class Counsel provided the Court with documentation and a sworn declaration supporting a lodestar of $146,617.50. Specifically, Class Counsel expended 348.5 hours in investigating, litigating, and resolving this case (which excludes a reasonable estimation of upcoming hours). Additionally, Class Counsel set forth the experience of each attorney working on the case and their corresponding billable rate. The Court finds the rates charged to be appropriate and reasonable in light of the experience of each attorney and that the hourly rates are in line with comparable market rates. The Court finds the hours expended to be reasonable when compared with the time and effort put forth by Class Counsel in

investigating, litigating, and resolving this case, as well as in light of the results for the Settlement Class. Accordingly, the overall lodestar of $146,617.50, when enhanced by a modest multiplier of 1.023, provides a reasonable lodestar cross-check in awarding Class Counsel's Fee Award of $150,000.00. The Court further finds this amount to be reasonable in that it represents just 8% of the potential total Settlement Benefit value of $1,870,000.00 achieved for the Class. It is "well established that when a representative party has conferred a substantial benefit upon a class, counsel is entitled to an allowance of attorneys' fees based upon the benefit obtained." *In re Checking Account Overdraft Litig.*, 830 F. Supp. 2d 1330, 1358 (S.D. Fla. Nov. 22, 2011) (citing *Camden I Condominium Assn. v. Dunkle*, 946 F.2d 768, 771 (11th Cir. 1991); *see also Stahl v. MasTec, Inc.*, No. 5-CV-1265-T-27TGW, 2008 WL 2267469, at *1 (M.D. Fla. May 20, 2008) ("the majority of...fee awards fall between 20% and 30% of the [settlement benefit]").

14. Defendants shall pay the Fee Award, and Class Counsel shall be paid, pursuant to and in the manner provided by the terms of the Settlement Agreement.

15. The Court approves the payment by Defendants of $5,000.00 to the Class Representative as an incentive award for taking on the risks of litigation and helping achieve the results to be made available to the Settlement Class. Such payment shall be made pursuant to and in the manner provided by the terms of the Settlement Agreement.

16. The Parties shall bear their own costs and attorneys' fees, except as otherwise provided in the Settlement Agreement and this Order.

17. This Court hereby directs entry of this Final Judgment based upon the Court's finding that there is no just reason for delay of enforcement or appeal of this Final Judgment notwithstanding the Court's retention of jurisdiction to oversee implementation and enforcement of the Settlement Agreement.

18.  This Final Judgment and order of dismissal with prejudice, the Settlement Agreement, the settlement that it reflects, and any and all acts, statements, documents, or proceedings relating to the Settlement Agreement are not, and shall not be construed as, or used as an admission or concession by or against the Parties with respect to any fault, wrongdoing, or liability, or of the validity of any Claim or defense, or of the existence or amount of damages, or that the consideration to be given under the Settlement Agreement represents an amount equal to, less than or greater than the amount that could have or would have been recovered after trial.

19.  The Parties, without further approval from the Court, are hereby permitted to agree and to adopt such amendments, modifications, and expansions of the Settlement Agreement and its implementing documents (including all exhibits to the Settlement Agreement) so long as they are consistent in all material respects with the Final Judgment and do not limit the rights of Settlement Class Members.

20.  Without affecting the finality of this Final Judgment in any way, this Court hereby retains continuing jurisdiction over, *inter alia*, (a) implementation, enforcement, and administration of the Settlement Agreement, including any releases in connection therewith; (b) resolution of any disputes concerning class membership or entitlement to benefits under the terms of the Settlement Agreement; and (c) all Parties hereto, for the purpose of enforcing and administering the Settlement Agreement and the Action until each and every act agreed to be performed by the Parties has been performed pursuant to the Settlement Agreement.

**DONE AND ORDERED** in chambers at Miami, Florida on August 21, 2012.

ROBERT N. SCOLA, JR.
UNITED STATES DISTRICT JUDGE

*Copies to:*
Counsel of Record